MADELEINE R. MARTZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martz v. Commissioner
Docket No. 4626-79.
United States Tax Court
T.C. Memo 1981-168; 1981 Tax Ct. Memo LEXIS 577; 41 T.C.M. (CCH) 1236; T.C.M. (RIA) 81168; April 8, 1981. *577 Held, petitioner is not entitled to a casualty loss deduction under sec. 165(c)(3), I.R.C. 1954, for coconut palm trees destroyed by lethal yellowing. Madeleine R. Martz, pro se. Jan S. Neiman, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice dated January 9, 1979 respondent determined a deficiency of $ 735 in petitioner's 1976 Federal income tax. Concessions having been made by the parties, the sole issue remaining *578 for our decision is whether the petitioner, pursuant to section 165(c)(3), I.R.C. 1954, is entitled to a casualty loss deduction in the amount of $ 925 resulting from the death of coconut palm trees. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner Madeleine R. Martz resided in Ft. Lauderdale, Florida at the time she filed her petition in this case. Petitioner timely filed an individual Federal income tax return for the calendar year 1976 with the Internal Revenue Service Center at Chamblee, Georgia. During the taxable year in issue Madeleine R. Martz was employed as a nurse at a number of different health-care facilities. On her tax return, petitioner claimed a casualty loss deduction in the amount of $ 925 for the loss of four coconut palm trees. Petitioner claims that the trees were killed by lightning in an electrical storm on the night of June 8, 1976. Respondent disallowed the claimed deduction on the ground that the coconut palm trees in question were not hit by lightning but rather died from a disease known as lethal *579 yellowing. Respondent contends that the death of trees from lethal yellowing is not the type of occurrence for which a casualty loss decution is allowed under section 165(c)(3). OPINION The sole issue for our decision is whether petitioner is entitled to a casualty loss deduction under section 165(c)(3) for the death of four coconut palm trees in 1976. Petitioner has the burden to prove that she is entitled to the deduction claimed on her return. Welch v. Helvering, 290 U.S. 111 (1933). Section 165(c)(3) provides, in pertinent part, as follows: SEC 165. LOSSES (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds *580 $ 100. For purposes of the $ 100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return. Petitioner claims that the loss is deductible because such damage to her property resulted from a storm. Respondent alleges that the trees died from lethal yellowing. Mr. George Gwin of the Florida Department of Agriculture and Consumer Services testified at trial that a coconut palm tree that has been hit by lightning will undergo sudden and immediate changes. Parts or all of the tree may fall down as a result of the storm. On being discovered, fronds will still have their green color and the tree's fruit will remain attached. On the other hand, a tree that has been infected with lethal yellowing will suffer gradual deterioration. From the time the coconut palm is first infected with the organism, there is an "incubation period" of from 6 to 9 months. During this time, the disease *581 is undetectable. The disease then manifests itself in a "visible period," and the tree dies within 3 to 5 months. During this later period, immature coconuts fall off the tree. Fronds begin to yellow and then lose their color entirely. In time, the fronds collapse and the entire top of the tree falls off. We found Mr. Gwin to be eminently qualified as an expert witness in his field and credible on the stand. He testified that he had inspected petitioner's trees and found no signs of lightning damage. To the contrary, he identified the cause of death of the trees to have been lethal yellowing. Because petitioner did not put forth sufficient evidence to convince us that lightning had been the cause of the demise of her trees, we find that she has failed to carry her burden of proof. We are convinced that the coconut palm trees died of lethal yellowing. We next inquire whether lethal yellowing is the type of "other casualty" for which a deduction is allowed under section 165(c)(3). In the recent case of Coleman v. Commissioner, 76 T.C. 49 (April 8, 1981), we held that diseases in general, and Dutch Elm disease in particular, are not the type of sudden, unexpected *582 or unusual events contemplated under section 165(c)(3). Furthermore, in Maher v. Commissioner, 76 T.C. 50 (April 8, 1981), we followed our view in Coleman and held that losses due to lethal yellowing are not deductible under section 165(c)(3). For the reasons stated therein, we find that petitioner is not allowed a deduction of $ 925 for the loss of four coconut palm trees in 1976. Concessions having been made, Decision will be entered under Rule 155.